UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JEAN CARLOS LAUREANO,

                    Plaintiff,

          -against-

UNITED STATES OF AMERICA, *et al.*,

                    Defendants.

19-CV-10986 (CM)

ORDER TO AMEND

COLLEEN McMAHON, Chief United States District Judge:

          Plaintiff, currently held in federal detention at the Orange County Jail (OCJ), brings this

*pro se* action challenging either: (1) his current detention, arising out of his pending criminal

matter in this Court, *United States v. Laureano*, ECF 1:19-CR-0666, 2; or (2) the filing of a

warrant for his arrest by his probation officer based on a violation of his supervised release,

arising out of his other criminal matter in this Court, *United States v. Laureano*, ECF 1:12-CR-

0248, 17.

          By order dated January 8, 2020, the Court granted Plaintiff's request to proceed without

prepayment of fees, that is, *in forma pauperis*.[1] For the following reasons, the Court grants

Plaintiff 30 days' leave to file an amended complaint asserting a malicious prosecution claim

against Probation Officer Brooks. The remaining defendants are dismissed.

**STANDARD OF REVIEW**

          The Prison Litigation Reform Act requires that federal courts screen complaints brought

by prisoners who seek relief against a governmental entity or an officer or employee of a

governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a prisoner's *in forma*

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been
granted permission to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(b)(1).

*pauperis* complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a

claim upon which relief may be granted, or seeks monetary relief from a defendant who is

immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d

636, 639 (2d Cir. 2007). The court must also dismiss a complaint if the court lacks subject matter

jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

 While the law mandates dismissal on any of these grounds, the court is obliged to

construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret

them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470

F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in

original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits –

to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil

Procedure, which requires a complaint to make a short and plain statement showing that the

pleader is entitled to relief.

## BACKGROUND

 In his complaint, which is not a model of clarity, Plaintiff seeks release from custody and

money damages. Plaintiff names as defendants the United States, the Federal Bureau of

Investigation, U.S. Probation, Probation Officer Terry Brooks, and OCJ Warden Warren

Middleton.

 Plaintiff states the following: "the time assessment will be set in months and days . . . it

will commence running to the date that the probation violation warrant/hold was lodged." (ECF

2 at 4.) The "time assessment [should] calculate[] in the same way for all U.S. probation

violators for whom a time assessment has been imposed irrespective of whether the violator is in

a local or state correctional facility and irrespective of whether there are criminal charges

pending against the U.S. probation violator." (*Id.*) Thus, Plaintiff's warrant "was lodged [on May

15, 2018, but] after Dec 3, 2018 U.S. Probation . . . didn't count [the time] and committed un-lawful imprisonment of four months." (*Id.*)

In support of this claim, Plaintiff refers to 9 N.Y.C.R.R. 8002.6, the New York State statute that governs time calculations for the "re-release" of a parole violator. *Id.* The allegations in the complaint quote verbatim from much of the statute.

Court records indicate the following: on or about December 11, 2011, Plaintiff was arrested and detained pending trial. *See United States v. Laureano*, ECF 1:12-CR-0248, 16. Judge Kaplan sentenced Plaintiff to 48 months' incarceration and three years' supervised release, and judgment was entered on August 6, 2012. *Id.*

On May 15, 2018, while Plaintiff was on supervised release, his probation officer, Defendant Brooks, "lodged" a warrant, seeking Plaintiff's arrest; on December 3, 2018, Plaintiff was arrested. On the day of the arrest, Magistrate Judge Wang held a bail hearing where the parties agreed to bail conditions of home incarceration, electronic monitoring, and inpatient drug treatment. ECF 1:12-CR-0248, 22. On April 9, 2019, at a revocation hearing, Judge Kaplan dismissed the specifications charged in the violation of supervised release memo, concluding that the facts alleged did not support a finding that Plaintiff violated the terms of his supervision for three of the specifications; the remaining four specifications were dismissed based on a joint application by the parties. *See id*.

Just over five months later, Plaintiff was arrested again, and new federal charges were filed. *See United States v. Laureano*, ECF 1:19-CV-0666, 2. On October 18, 2019, Magistrate Judge McCarthy held a hearing where she denied Plaintiff's request to be released on bail.

On November 8, 2019, Plaintiff placed this complaint in the prison mailing system at OCJ.

**DISCUSSION**

**A.      Challenge to current federal detention**

In *Younger v. Harris*, 401 U.S. 37 (1971), the Supreme Court held that federal courts ordinarily may not stay or enjoin pending *state* court proceedings. Courts have extended the holding of *Younger* and concluded that federal courts also may not stay or enjoin *federal* prosecutions. Accordingly, when asked to intervene in pending federal criminal proceedings, federal courts generally have refused as long as the federal defendant may present a defense in the federal forum. *See, e.g.*, *Manafort v. U. S. Dep't of Justice*, 311 F. Supp. 3d 22, 26 (D.D.C. 2018), *appeal dismissed sub nom. Manafort v. United States Dep't of Justice*, No. 18-5193, 2018 WL 4103307 (D.C. Cir. Aug. 1, 2018) (holding that "[i]t is a sound and well-established principle that a court should not exercise its equitable powers to interfere with or enjoin an ongoing criminal investigation when the defendant will have the opportunity to challenge any defects in the prosecution in the trial court or on direct appeal"); *Ceglia v. Zuckerberg*, 600 F. App'x 34, 37-38 (2d Cir. 2015) (summary order) (under *Younger*, a court may civilly enjoin a criminal prosecution only "where the danger of irreparable loss is both great and immediate," but "[g]enerally, no danger exists where the defendant has the opportunity to offer a defense in the criminal prosecution . . . in a federal forum." (citing *Deaver v. Seymour*, 822 F.2d 66, 69, (D.C. Cir. 1987) (affirming denial of an attempt to enjoin prosecution by an independent counsel, noting that "in no case that we have been able to discover has a federal court enjoined a federal prosecutor's investigation or presentment of an indictment"))).

Moreover, "where a defendant is awaiting trial, the appropriate vehicle for [alleging] violations of his constitutional rights are pretrial motions or the expedited appeal procedure provided by the Bail Reform Act, 18 U.S.C. § 3145(b), (c), and not a habeas corpus petition."

*Ali v. United States*, No. 12-CV-0816, 2012 WL 4103867, at *2 (W.D.N.Y. Sept. 14, 2012) (quoting *Whitmer v. Levi*, 276 F. App'x 217, 219, 2008 WL 1849803, at *1 (3d Cir. April 28, 2008) (additional citations omitted))).

Plaintiff seeks release from his current detention. The proper vehicle for him to obtain release is a bail motion, which Plaintiff already filed, and Judge McCarthy denied. Plaintiff may not circumvent Judge McCarthy's ruling by filing a new civil action seeking the same relief. Thus, the Court denies Plaintiff's request for release.

**B.      Challenge to Calculation of Any Remaining Time on Supervised Release**

Though the record in the 12-CR-0248 matter strongly suggests that Plaintiff is no longer on supervised release, if he is, he must move in that matter to seek early termination. *See United States v. Johnson*, 529 U.S. 53, 60 (2000) (noting that "[t]he trial court, as it sees fit, may modify an individual's conditions of supervised release," citing 28 U.S.C. § 3583(e)(2), and further noting that "the court may terminate an individual's supervised release obligations 'at any time after the expiration of one year . . . if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice,' § 3583(e)(1)").

**C.      Claim for Money Damages**

**1.      Probation Officer Brooks**

The Court construes the complaint as asserting a Fourth Amendment malicious prosecution claim against Defendant Brooks for initiating the violation of supervised release proceedings. Because Brooks is an employee of the federal government, the Court also construes the complaint as asserting the claim under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). In *Bivens*, the Supreme Court implied a damages remedy against federal employees who violate a plaitniff's right under the Fourth Amendment. 403 U.S. at 397.

"[*Bivens*] is the federal analog to suits brought against state officials under [§ 1983]."

*Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009)). Federal courts have analogized *Bivens* claims to

those brought under 42 U.S.C. § 1983, which require a showing that defendants acted under

color of state law to deprive a plaintiff of a federally protected right. Thus, caselaw from actions

brought under § 1983 may be used to address issues raised in *Bivens* cases. *See Butz v.*

*Economou*, 438 U.S. 478, 498-99 (1978); *Shue v. United States*, 466 F. App'x 51, 51 (2012)

(citing *Tavarez v. Reno*, 54 F.3d 109, 110 (2d Cir. 1995)).

      A Fourth Amendment malicious prosecution claim brought under § 1983 requires four

elements: (1) the initiation or continuation of a criminal proceeding; (2) termination of the

proceeding in the plaintiff's favor; (3) lack of probable cause for commencing the proceeding;

and (4) actual malice as a motivation for the defendants' actions. *Murphy v. Lynn*, 118 F.3d 938,

947 (2d Cir. 1997); *see also Hartman v. Moore*, 547 U.S. 250, 265–66 (2006) (requiring that the

absence of probable cause be pleaded and proven for *Bivens* actions against federal officials

based on claims of retaliatory prosecution). Moreover, a "plaintiff asserting a Fourth Amendment

malicious prosecution claim under § 1983 must [also] show some deprivation of liberty

consistent with the concept of 'seizure.'" *Singer v. Fulton Cnty. Sheriff*, 63 F.3d 110, 116 (2d

Cir. 1995).

      Federal law, not New York State law, defines the elements of a § 1983 malicious

prosecution claim, and the state's tort law serves only as a source of persuasive authority.

*Lanning v. City of Glens Falls*, 908 F.3d 19, 22 (2d Cir. 2018). Under federal law, "a plaintiff

asserting a malicious prosecution claim under § 1983 must . . . show that the underlying criminal

proceeding ended in a manner that affirmatively indicates his innocence." *Id.* Thus, "where a

dismissal in the interest of justice leaves the question of guilt or innocence unanswered, . . . it

cannot provide the favorable termination required as the basis for [that] claim." *Thompson v. Clark*, 364 F. Supp. 3d 178, 195 (E.D.N.Y. 2019).

The Court construes the complaint as asserting a malicious prosecution claim against Defendant Brooks, who Plaintiff claims unfairly calculated his time on supervised release, thereby extending the date on which his three-year term expired to April 9, 2019, when Judge Kaplan dismissed the specifications.

But Plaintiff fails to state a malicious prosecution claim against Brooks because he does not plead any facts suggesting that Brooks lacked probable cause to initiate the proceeding and that the proceeding terminated in a manner that indicated his innocence. In fact, Plaintiff does not provide any information related to the proceeding, including the nature of the charges, which charges were dismissed for lack of factual support, and which charges were dismissed by agreement of the parties.

In light of Plaintiff's *pro se* status, the Court grants him 30 days' leave to amend the complaint to assert a malicious prosecution claim against Brooks.

### 2.    Federal agencies

The purpose of a *Bivens* action "is to deter individual federal officers from committing constitutional violations." *Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 70 (2001). Because of this, a *Bivens* claim may be brought only against an individual in a personal capacity, and not against a federal agency or against federal officials in their official capacities. *Federal Deposit Ins. Corp. v. Meyer*, 510 U.S. 471, 484-86 (1994). The Court therefore dismisses the FBI and U.S. Probation for failure to state a claim.

### 3.    United States

Sovereign immunity bars federal courts from hearing all suits for monetary damages against the federal government, except where sovereign immunity has been waived. *United*

*States v. Mitchell*, 445 U.S. 535, 538 (1980) (quoting *United States v. Sherwood*, 312 U.S. 584, 586 (1941)). The Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671-80 (FTCA) provides for a waiver of sovereign immunity for injuries arising from the tortious conduct of federal officers or agents acting within the scope of their office or employment. 28 U.S.C. § 1346(b)(1).

Before bringing a claim in a federal district court under the FTCA, a claimant must first exhaust his administrative remedies by filing a claim for money damages with the appropriate federal government entity and must receive a final written determination. *See* 28 U.S.C. § 2675(a).

The complaint does not suggest that Plaintiff filed a claim for money damages with any federal entity. The Court therefore dismisses any FTCA claim Plaintiff wishes to pursue without prejudice to refiling this claim should he exhaust his administrative remedies with a federal agency.

**4.     OCJ Warden Middleton**

Plaintiff does not assert any claims against Warden Middleton. But the complaint suggests that Plaintiff named this defendant because Plaintiff seeks release from his current detention at OCJ. While the warden of a facility is the proper defendant in a 28 U.S.C. § 2241 action where a petitioner seeks release, *see Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004), the Court does not construe the complaint as seeking *habeas* relief under 28 U.S.C. § 2241. Rather, as explained above, the proper vehicle for Plaintiff to challenge his current detention is by filing a motion in his pending criminal matter. As Plaintiff does not bring a claim against the warden in his personal capacity, the Court dismisses Defendant Middleton for failure to state a claim.

**CONCLUSION**

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket. Plaintiff is granted leave to file an amended complaint to assert a malicious

prosecution claim against Defendant Brooks. Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit within sixty days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 19-CV-10986 (CM). An Amended Civil Rights Complaint form is attached to this order. No summons will issue at this time. If Plaintiff fails to comply within the time allowed, and he cannot show good cause to excuse such failure, the complaint will be dismissed for failure to state a claim upon which relief may be granted.

The Court dismisses claims against the United States, the FBI, U.S. Probation, and Warden Middleton, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii)-(iii).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:  January 24, 2020
        New York, New York

COLLEEN McMAHON
Chief United States District Judge

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the full name of each plaintiff.


-against-

_____

_____

_____

Write the full name of each defendant. If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed above must be identical to those contained in Section IV.

_____CV_____

(Include case number if one has been assigned)

## AMENDED
## COMPLAINT
(Prisoner)

Do you want a jury trial?
☐ Yes    ☐ No

---

## NOTICE

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

## I.    LEGAL BASIS FOR CLAIM

State below the federal legal basis for your claim, if known. This form is designed primarily for prisoners challenging the constitutionality of their conditions of confinement; those claims are often brought under 42 U.S.C. § 1983 (against state, county, or municipal defendants) or in a "*Bivens*" action (against federal defendants).

☐  Violation of my federal constitutional rights

☐  Other: _____

## II.    PLAINTIFF INFORMATION

Each plaintiff must provide the following information. Attach additional pages if necessary.

First Name             Middle Initial           Last Name

State any other names (or different forms of your name) you have ever used, including any name you have used in previously filing a lawsuit.

Prisoner ID # (if you have previously been in another agency's custody, please specify each agency and the ID number (such as your DIN or NYSID) under which you were held)

Current Place of Detention

Institutional Address

County, City                     State                 Zip Code

## III.    PRISONER STATUS

Indicate below whether you are a prisoner or other confined person:

☐  Pretrial detainee

☐  Civilly committed detainee

☐  Immigration detainee

☐  Convicted and sentenced prisoner

☐  Other: _____

# IV. DEFENDANT INFORMATION

To the best of your ability, provide the following information for each defendant. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are identical to those listed in the caption. Attach additional pages as necessary.

Defendant 1:

First Name    Last Name    Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City    State    Zip Code

Defendant 2:

First Name    Last Name    Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City    State    Zip Code

Defendant 3:

First Name    Last Name    Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City    State    Zip Code

Defendant 4:

First Name    Last Name    Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City    State    Zip Code

## V.    STATEMENT OF CLAIM

Place(s) of occurrence: _____

Date(s) of occurrence: _____

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and how each defendant was personally involved in the alleged wrongful actions. Attach additional pages as necessary.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____

_____

_____

_____

_____

_____

## VI.    RELIEF

State briefly what money damages or other relief you want the court to order.

_____

_____

_____

_____

_____

_____

_____

_____

## VII.  PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I understand that if I file three or more cases while I am a prisoner that are dismissed as frivolous, malicious, or for failure to state a claim, I may be denied *in forma pauperis* status in future cases.

I also understand that prisoners must exhaust administrative procedures before filing an action in federal court about prison conditions, 42 U.S.C. § 1997e(a), and that my case may be dismissed if I have not exhausted administrative remedies as required.

I agree to provide the Clerk's Office with any changes to my address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

_____                    _____
Dated                                           Plaintiff's Signature

_____
First Name                 Middle Initial        Last Name

_____
Prison Address

_____
County, City                          State              Zip Code

Date on which I am delivering this complaint to prison authorities for mailing:  _____