UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JEAN CARLOS LAUREANO,

                          Plaintiff,

          -against-

UNITED STATES OF AMERICA, *et al.*,

                          Defendants.

19-CV-10986 (LLS)

ORDER TO AMEND

LOUIS L. STANTON, United States District Judge:

        By order dated January 24, 2020, Chief Judge McMahon granted Plaintiff 30 days' leave

to file an amended complaint to assert a malicious prosecution claim against Defendant

Probation Officer Brooks, a U.S. Probation Officer for the Southern District of New York.

Plaintiff has submitted an amended complaint, but it does not state facts in support of a malicious

prosecution claim. The Court therefore grants Plaintiff an additional 30 days to file a second

amended complaint.

## STANDARD OF REVIEW

        The Prison Litigation Reform Act requires that federal courts screen complaints brought

by prisoners who seek relief against a governmental entity or an officer or employee of a

governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a prisoner's *in forma*

*pauperis* complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a

claim upon which relief may be granted, or seeks monetary relief from a defendant who is

immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d

636, 639 (2d Cir. 2007). The court must also dismiss a complaint if the court lacks subject matter

jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id.* at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

## BACKGROUND

Plaintiff brings this action challenging his probation officer's decision to seek his arrest for violating his supervised release, imposed in *United States v. Laureano*, ECF 1:12-CR-0248, 16, a criminal case previously pending before Judge Lewis A. Kaplan of this Court.

In the amended complaint, Plaintiff alleges the following, verbatim:

> On or about May 15, 2018, Mr. Terry Brooks lodged a warrant seeking my arrest. The warrant stopped me from getting a job and also attend to programs while I was in Westchester County DOC. When I finish my year sentence on Dec. 3, 2018 I was picked up by the Marshalls and took me to a federal facility where I was granted home incarceration until I come infront of the Judge. A month later I was supposed to go infront of the judge on Jan. 7, 2019 . . . [but] Brooks . . . adjourned the court date . . . and sent me to a inpatient program for 90 days. . . . Finally, I did the 90 days and went infront of the judge on April 9, 2019 and because of lack of facts I was found innocent of my specifications which I never violated.

(ECF No. 6, at 5-6.) Although directed to do so in the January 24, 2020 order, Plaintiff does not provide any details regarding the specifications and what caused his probation officer to charge him with violating his supervised release.

Court records from the April 9, 2019 revocation hearing indicated that Judge Kaplan dismissed the specifications charged in the violation of supervised release memo, concluding that the facts alleged did not support a finding that Plaintiff violated the terms of his supervision for three of the specifications, and the remaining four specifications were dismissed based on a joint application by the parties. ECF 1:12-CR-0248, 22. But that record does not describe the specifications, and which were dismissed for lack of factual support and which were dismissed by joint application.

## DISCUSSION

In the January 24, 2020 order, Chief Judge McMahon construed the complaint as asserting a Fourth Amendment malicious prosecution claim against Defendant Brooks for initiating the violation of supervised release.[1] But in the amended complaint, Plaintiff fails to state facts in support of such a claim.

A Fourth Amendment malicious prosecution claim requires four elements: (1) the initiation or continuation of a criminal proceeding; (2) termination of the proceeding in the plaintiff's favor; (3) lack of probable cause for commencing the proceeding; and (4) actual malice as a motivation for the defendants' actions. *Murphy v. Lynn*, 118 F.3d 938, 947 (2d Cir. 1997); *see also Hartman v. Moore*, 547 U.S. 250, 265–66 (2006) (requiring that the absence of

---

[1] Because Brooks is an employee of the federal government, Chief Judge McMahon construed the complaint as asserting the malicious prosecution claim under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). In *Bivens*, the Supreme Court implied a damages remedy against federal employees who violate a plaintiff's right under the Fourth Amendment. 403 U.S. at 397. Federal courts have analogized *Bivens* claims to those brought under 42 U.S.C. § 1983, which require a showing that defendants acted under color of state law to deprive a plaintiff of a federally protected right. *See Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009). And caselaw from actions brought under § 1983 may be used to address issues raised in *Bivens* cases. *See Butz v. Economou*, 438 U.S. 478, 498-99 (1978); *Shue v. United States*, 466 F. App'x 51, 51 (2012) (citing *Tavarez v. Reno*, 54 F.3d 109, 110 (2d Cir. 1995)).

probable cause be pleaded and proved for *Bivens* actions against federal officials based on claims of retaliatory prosecution). Moreover, a "plaintiff asserting a Fourth Amendment malicious prosecution claim under § 1983 must [also] show some deprivation of liberty consistent with the concept of 'seizure.'" *Singer v. Fulton Cnty. Sheriff*, 63 F.3d 110, 116 (2d Cir. 1995). Finally, the plaintiff "must . . . show that the underlying criminal proceeding ended in a manner that affirmatively indicates his innocence." *Lanning v. City of Glens Falls*, 908 F.3d 19, 22 (2d Cir. 2018).

Plaintiff does not plead any facts suggesting that Brooks lacked probable cause to initiate the proceeding and that the proceeding terminated in a manner that indicated Plaintiff's innocence. While Plaintiff asserts that he was innocent, he does not state facts in support of this assertion. And because he fails to allege any facts regarding (1) the nature of the charges, (2) why some charges were dismissed upon agreement of the parties, and (3) why other charges were dismissed for lack of factual support, the Court is unable to consider whether Brooks had probable cause to seek Plaintiff's arrest or whether the proceeding ended in a manner indicating his innocence. For these reasons, Plaintiff does not state enough facts to state a malicious prosecution claim.

The Court therefore grants Plaintiff 30 days' leave to file a second amended complaint to assert facts in support of his malicious prosecution claim against Brooks.

## CONCLUSION

Plaintiff is granted leave to file a second amended complaint to assert a malicious prosecution claim against Defendant Brooks. Plaintiff must submit the second amended complaint to this Court's Pro Se Intake Unit within thirty days of the date of this order, caption the document as a "Second Amended Complaint," and label the document with docket number 19-CV-10986 (LLS). A Second Amended Civil Rights Complaint form is attached to this order.

No summons will issue at this time. If Plaintiff fails to comply within the time allowed, and he cannot show good cause to excuse such failure, the complaint will be dismissed for failure to state a claim upon which relief may be granted.

A copy of this order is to be mailed in chambers.

SO ORDERED.

Dated:   April 10, 2020
         New York, New York

_Louis L. Stanton_
Louis L. Stanton
U.S.D.J.

_____

_____

Write the full name of each plaintiff.


-against-

_____

_____

_____

_____

Write the full name of each defendant. If you cannot fit the
names of all of the defendants in the space provided, please
write "see attached" in the space above and attach an
additional sheet of paper with the full list of names. The
names listed above must be identical to those contained in
Section IV.

_____CV_____
(Include case number if one has been
assigned)

**SECOND AMENDED**

**COMPLAINT**

(Prisoner)

Do you want a jury trial?
☐ Yes    ☐ No

---

**NOTICE**

The public can access electronic court files. For privacy and security reasons, papers filed
with the court should therefore *not* contain: an individual's full social security number or full
birth date; the full name of a person known to be a minor; or a complete financial account
number. A filing may include *only*: the last four digits of a social security number; the year of
an individual's birth; a minor's initials; and the last four digits of a financial account number.
See Federal Rule of Civil Procedure 5.2.

## I.    LEGAL BASIS FOR CLAIM

State below the federal legal basis for your claim, if known. This form is designed primarily for prisoners challenging the constitutionality of their conditions of confinement; those claims are often brought under 42 U.S.C. § 1983 (against state, county, or municipal defendants) or in a "*Bivens*" action (against federal defendants).

☐  Violation of my federal constitutional rights

☐  Other: _____

## II.    PLAINTIFF INFORMATION

Each plaintiff must provide the following information. Attach additional pages if necessary.

First Name                    Middle Initial                    Last Name

State any other names (or different forms of your name) you have ever used, including any name you have used in previously filing a lawsuit.

Prisoner ID # (if you have previously been in another agency's custody, please specify each agency and the ID number (such as your DIN or NYSID) under which you were held)

Current Place of Detention

Institutional Address

County, City                                    State                        Zip Code

## III.    PRISONER STATUS

Indicate below whether you are a prisoner or other confined person:

☐  Pretrial detainee
☐  Civilly committed detainee
☐  Immigration detainee
☐  Convicted and sentenced prisoner
☐  Other: _____

## IV.    DEFENDANT INFORMATION

To the best of your ability, provide the following information for each defendant. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are identical to those listed in the caption. Attach additional pages as necessary.

Defendant 1:

First Name                     Last Name                          Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City                              State                     Zip Code

Defendant 2:

First Name                     Last Name                          Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City                              State                     Zip Code

Defendant 3:

First Name                     Last Name                          Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City                              State                     Zip Code

Defendant 4:

First Name                     Last Name                          Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City                              State                     Zip Code

## V.    STATEMENT OF CLAIM

Place(s) of occurrence: _____

Date(s) of occurrence: _____

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and how each defendant was personally involved in the alleged wrongful actions. Attach additional pages as necessary.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____

_____

_____

_____

_____

## VI.    RELIEF

State briefly what money damages or other relief you want the court to order.

_____

_____

_____

_____

_____

_____

_____

_____

## VII.   PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I understand that if I file three or more cases while I am a prisoner that are dismissed as frivolous, malicious, or for failure to state a claim, I may be denied *in forma pauperis* status in future cases.

I also understand that prisoners must exhaust administrative procedures before filing an action in federal court about prison conditions, 42 U.S.C. § 1997e(a), and that my case may be dismissed if I have not exhausted administrative remedies as required.

I agree to provide the Clerk's Office with any changes to my address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| | |
|---|---|
| Dated | Plaintiff's Signature |

First Name                     Middle Initial              Last Name

Prison Address

County, City                                        State                      Zip Code

Date on which I am delivering this complaint to prison authorities for mailing: _____